IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WINDON SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANCER INSURANCE COMPANY, )<br>a foreign corporation; SEVERT & )<br>SONS PRODUCE, INC., a foreign )<br>corporation; SEVERT & SONS )<br>PRODUCE COLUMBIA INC., a )<br>foreign corporation; SEVERTS OF )<br>COLUMBIA LLC, a foreign limited )<br>liability company; SEVERTS OF )<br>COLUMBIA BROKERAGE LLC, a )<br>liability company; SEVERT )<br>LOGISTICS, LLC, a foreign limited )<br>liability company; SEVERT )<br>EQUIPMENT, LLC, a foreign limited )<br>liability company; SEVERT SALES, )<br>LLC, a foreign limited liability )<br>company; SEVERT/SEVERTS, a )<br>corporation; SEVERT/ SEVERTS, a )<br>limited liability company; SEVERT/ )<br>SEVERTS, a partnership; SEVERT/ )<br>SEVERTS, a sole proprietorship; and )<br>LARRY GENE IRONS, )<br>)<br>Defendants. ) | Civil Action File No.<br>_____<br><br><br>State Court of Gwinnett County<br>Civil Action File No.<br>20-C-02864-S2 |

**NOTICE OF REMOVAL**

COME NOW Defendants Lancer Insurance Company, Severt & Sons Produce, Inc., Severt & Sons Produce Columbia, Inc., Severts of Columbia, LLC,

Severts of Columbia Brokerage, LLC, Severt Logistics, LLC, Severt Equipment, LLC, and Severt Sales, LLC, and Larry Gene Irons ("Defendants") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file their Notice of Removal, showing the Court as follows:

1.

On May 12, 2020, Plaintiff Windon Smith ("Plaintiff") filed suit against Defendants in the State Court of Gwinnett County, Civil Action File Number 20-C-02864-S2 ("State Action"), which county is within the Atlanta Division of this Court. See, 28 U.S.C. § 90(a)(2).

2.

Defendant Lancer Insurance Company was served with process on May 27, 2020. As of the date of this removal, the remaining Defendants have not been served with process. The remaining Defendants consent to this removal.

3.

Defendants attach hereto as Exhibit "A", copies of the State Action summons and complaint.

4.

Plaintiff is a resident of the State of Georgia. Id. at ¶ 1.

5.

At the time Plaintiff filed the State Action, Defendant Lancer Insurance Company ("Lancer") is a corporation organized and incorporated under the laws of the State of Illinois, with its principle place of business located at 370 W. Park Avenue, Long Beach, New York 11651.

6.

At the time Plaintiff filed the State Action, Defendant Severt & Sons Produce, Inc. was, and remains, a corporation organized and incorporated under the laws of the State of Florida, with its principal place of business located at 5207 Doolittle Road, Jacksonville, Florida 32254.

7.

At the time Plaintiff filed the State Action, Defendant Severt & Sons Produce Columbia, Inc. was, and remains, a corporation incorporated in the State of Florida, with its principal place of business located at 3725 B State Road 16, St. Augustine, Florida 32092.

8.

At the time Plaintiff filed the State Action, Defendant Severts of Columbia, LLC was, and remains, a limited liability company organized and formed under the laws of the State of South Carolina, with its principal place of business located at

324 Wholesale Lane, Columbia, South Carolina 29172.  Its sole member is Mike Severt, who resides at 915 South Ponce de Leon Blvd, St. Augustine, Florida 32084.

9.

At the time Plaintiff filed the State Action, Defendant Severts of Columbia Brokerage, LLC was, and remains, a limited liability company organized and formed in the State of South Carolina, with its principal place of business located at 324 Wholesale Lane, Columbia, South Carolina 29172.  Mike Severt is the sole member, and resides at 915 South Ponce de Leon Blvd, St. Augustine, Florida 32084.

10.

At the time Plaintiff filed the State Action, Defendant Severt Logistics, LLC was, and remains, a limited liability company organized and formed under the laws of the State of Florida, with its principal place of business located at 3304 Coastal Highway, St. Augustine, Florida 32084.  Its members are Nick Severt, who resides at 29 Coquina Avenue, St. Augustine, Florida 32080; Greg Severt, who resides at 3304 Coastal Highway, St. Augustine, Florida 32084; and Patricia Severt, who resides at 3304 Coastal Highway, St. Augustine, Florida 32080.

11.

At the time Plaintiff filed the State Action, Defendant Severt Equipment, LLC was, and remains, a limited liability company organized and formed under the laws of the State of Florida, with its principal place of business located at 3304 Coastal Highway, St. Augustine, Florida 32084.  Its members are Greg Severt and Patricia Severt, who both reside at St. Augustine, Florida 32084.

12.

At the time Plaintiff filed the State Action, Defendant Severt Sales, LLC was a limited liability company formed under the laws of the State of Florida, with its principal place of business located at 3875 Lake Buffum Road West, Ft. Meade, Florida 33841.  Its sole member is Ronald Young, who resides at 3875 Lake Buffum Road West, Ft. Meade, Florida 33841.

13.

 At the time Plaintiff filed the State Action, Defendant Larry Gene Irons was, and remains, a resident of the State of Florida, his address being 5207 Doolittle Road, Jacksonville, Florida 32254.

14.

Defendants "Severt / Severts, a corporation"; "Severt / Severts, a limited liability company"; "Severt / Severts, a partnership"; and "Severt / Severts, a sole

proprietorship", are unknown to the other defendants, and are fictitious in nature. Pursuant to 28 U.S.C.A. § 1441(b), they are to be disregarded for the purposes of removal under diversity jurisdiction.

15.

Defendants have given written notice of the filing of this Notice of Removal to Plaintiff by notifying his counsel of record, Alexander R. Nemajovsky, P.O. Box 70728, Albany, Georgia 31708. Defendants also filed a written notice with the Clerk of the State Court of Gwinnett County, a copy of which is attached hereto as Exhibit "B".

16.

Defendants filed Answers to Plaintiff's Complaint in the State Court of Gwinnett County prior to removal, with a demand for a jury trial. Copies of said pleadings are attached hereto as Exhibits "C," "D," "E," "F", and "G".

17.

Defendants show that the amount in controversy requirement of 28. U.S.C. § 1332(a) is met in this case. Plaintiff's claims are for personal injuries arising out of a motor vehicle collision. State Action at ¶¶ 18-37.

Plaintiff alleges, "As a result of the aforementioned acts of negligence and recklessness and the resulting collision, the Plaintiff SMITH has sustained injuries

and pain and suffering. In addition, the special damages, including, but **not limited to, medical bills, to date in the known amount of $31,972.23."** Id. at ¶ 37 (emphasis added). See Allen v. Toyota Motor Sales, U.S.A., Inc. 155 Fed. Appx. 480, 482 (11th Cir. 2005) (finding that a demand seeking specified damages of even just $66,678.65 among other unspecified damages was sufficient evidence that the jurisdictional requirement was satisfied).

In particular, Plaintiff alleges that as a result of the collision upon which he bases his complaint, he sustained physical injuries as well as a mental anxiety-type disorders (*sic*). Id. at ¶ 27. Additionally, Plaintiff alleges he sustained lacerations to his body from broken glass, neck, back, hip and extremity injuries, and dizziness and headaches. Id. at ¶ 28 & 29. Plaintiff also alleges he sustained unspecified pecuniary losses from Defendants' alleged trespass. Id. ¶ 30.

Furthermore, Plaintiff alleges that as a result of the subject collision, he developed PTSD, including alcohol dependence, both of which required extensive treatment. Id. at ¶¶ 31-35. More specifically, Plaintiff alleges he suffered from loss of sleep, anxiety attacks, shortness of breath, excessive perspiration, and racing thoughts. Id. at ¶ 31.

Finally, Plaintiff makes a prayer for punitive damages based on Defendants' alleged willful, wanton, carless, and reckless conduct. <u>Id.</u> at ¶¶ 36, 37, 41, 43, and "WHEREFORE" clause, at § (c).

18.

To the best of the undersigned's knowledge, information, and belief, and after reasonable inquiry, this Notice of Removal is well-grounded in fact and is warranted by existing law, and has not been interposed for any improper purpose, such as to harass, cause unnecessary delay, or a needless increase in the cost of litigation.

WHEREFORE Defendants pray the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 12th day of June, 2020.

        COPELAND, STAIR, KINGMA
         & LOVELL, LLP

By: */s/ Stephen J. Cohen*
STEPHEN J. COHEN
State Bar No.:  556599
DERRON B. BOWLES
State Bar No.:  928313
*Counsel for Defendants*
191 Peachtree Street, NE, Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220
sjcohen@cskl.law
dbowles@cskl.law

## CERTIFICATE OF FONT AND CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1C, and that I have served a copy of **Notice of Removal** upon all counsel of record, by electronic filing and/or United States mail, postage prepaid, and properly addressed as follows:

Alexander R. Nemajovsky
PHILLIPS & NEMAJOVSKY, P.C.
P.O. Box 70728
Albany, GA  31708
*Counsel for Plaintiff*

This 12th day of June, 2020.

                              COPELAND, STAIR, KINGMA
                                   & LOVELL, LLP

By:   */s/ Stephen J. Cohen*
       STEPHEN J. COHEN
       State Bar No.:  556599
       *Counsel for Defendants*
       191 Peachtree Street, NE, Suite 3600
       Atlanta, GA 30303-1740
       (404) 215-2443
       sjcohen@cskl.law